**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ANNIE OAKLEY ENTERPRISES, INC. AND RENEE GABET, <br>     Plaintiffs, <br><br> v. <br><br> EDENS GARDEN ESSENTIALS, a California corporation, and GRACE MARTIN, <br>     Defendants. | ) <br> ) <br> ) <br> )    **CASE NO. 1:18-CV-2686** <br> ) <br> ) <br> ) <br> )    **JURY TRIAL DEMANDED** <br> ) <br> ) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**
**AND RELATED CLAIMS**

Plaintiffs, ANNIE OAKLEY ENTERPRISES, INC. and RENEE GABET (collectively "Plaintiffs") file this Complaint against Defendants, EDENS GARDEN ESSENTIALS and GRACE MARTIN, (collectively "Defendants"), by counsel, and allege as follows:

**NATURE OF ACTION, JURISDICTION AND VENUE**

1. This is an action for trademark infringement, trademark dilution, false designation of origin, and unfair competition, under *inter alia*, the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.; and state common law.

2. This Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121. In addition, jurisdiction exists under 28 U.S.C. § 1332. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1367(a) and 1338(b).

3. Venue is proper under, *inter alia*, 28 U.S.C. §§ 1391 and 1400 in that, on information and belief, a substantial part of the events giving rise to this action occurred in this

judicial district, and Defendants or their agent(s) are subject to personal jurisdiction in the district.

4. This Court may exercise personal jurisdiction over the Defendants because of Defendants' systematic contacts with and purposeful availment of this forum. Specifically, and without limitation, Defendants sell, offer for sale, and market the subject infringing goods in this judicial district directly, through their web site, http://www.edensgarden.com and through Amazon.com, Inc., https://www.amazon.com/ .

## THE PARTIES

5. Plaintiff Renee Gabet ("Gabet") is an individual residing in Noble County, Indiana, within this judicial district.

6. Plaintiff, Annie Oakley Enterprises, Inc., ("Annie Oakley") is a corporation duly organized and existing under the laws of the State of Indiana and has its principal place of business in Noble County, Indiana, within this judicial district. Plaintiff Gabet owns all of the shares and exercises control over Annie Oakley.

7. Defendant, Edens Garden Essentials ("Edens"), upon information and belief, is organized under the laws of the State of California and has its principal place of business at 1322 Calle Avanza, San Clemente, California 92673.

8. Defendant Grace Martin ("Martin") is an individual who, upon information and belief, manages, controls, and own Edens Garden Essentials, and has a business address at 1322 Calle Avanza, San Clemente, California 92673.

9. Upon information and belief, Martin has known of, directed and controlled the activities of Edens, and is thus vicariously liable for Edens' infringement.

**FACTUAL ALLEGATIONS**

10. Plaintiff Annie Oakley was founded by Plaintiff Gabet in 1980 and creates, markets, and sells a full line of essential oils, fragrances and bath and body products for personal use.

11. Annie Oakley Enterprise's line of products includes a custom blend essential oil with natural plant extracts bearing the trademark RISE 'N SHINE. Screenshots from Annie Oakley's http://www.annieoakley.com web site of this product are attached hereto as Exhibit 1.

12. Plaintiff Gabet is the owner of all right, title, and interest in United States Trademark Registration No. 2,549,750 in connection with perfumes, body oils, room fragrances and essential oils for personal use (attached hereto as Exhibit 2); and Trademark Registration No. 3,990,283 in connection with shampoos, hair conditioners, body soaps, and body powders (attached hereto as Exhibit 3) (collectively "the Registrations".) RISE 'N SHINE is referred to herein as the "Mark".

13. The Registrations have become incontestable pursuant to § 15 of the Lanham Act, 15 U.S.C. § 1065.

14. The Registrations are *prima facie* evidence of the validity of the Registrations, Plaintiff Gabet's ownership of the RISE 'N SHINE Mark, and Gabet's exclusive right to use the RISE 'N SHINE Mark in commerce in connection with the goods specified in the Registrations. The Registrations are also constructive notice of Gabet's ownership of the RISE 'N SHINE Mark.

15. Annie Oakley is the only entity authorized by Gabet to use the RISE 'N SHINE Mark. Gabet exercises control over the quality of the products sold by Annie Oakley bearing the RISE 'N SHINE Mark by virtue of the fact that she is the sole owner of Annie Oakley and

exercises control over Annie Oakley.  Annie Oakley use of the RISE 'N SHINE Mark inures to the benefit of Gabet.

16. Plaintiffs have been using the RISE 'N SHINE Mark in commerce in connection with essential oils for personal use since January, 2000; and in connection with shampoos, hair conditioners, body soaps, and body powders since April, 2011.  Plaintiffs have developed a national customer base.

17. The RISE 'N SHINE Mark has become widely recognized for high quality, therapeutic grade essential oils, and has developed extensive goodwill.  The RISE 'N SHINE Mark is associated with Plaintiffs as an indication of origin of high quality essential oils and the RISE 'N SHINE Mark is a highly valuable asset of Plaintiffs.

18. Defendants are in the business of offering mail order aromatic oils, scented oils, essential oils, and several essential oil blends for kids.

19. On information and belief, each Defendant is the agent, servant, employee, principal, successor, alter ego, and/or partner of each other Defendant, acting within the course and scope of such capacities and with the permission and consent of each other in doing the acts and engaging in the conduct alleged herein.

20. On information and belief, Defendants have manufactured, copied, reproduced, sold, offered for sale, publicly displayed, distributed, and/or imported products which infringe the RISE 'N SHINE Mark.  Attached hereto as Exhibit 5 is a screenshot, copied directly from the Defendants' web site, of certain of these infringing products, which are offered and sold under the Mark RISE & SHINE.

21. On March 8, 2016, Defendant Edens filed United States Trademark Application Serial No. 86/933,164 (the "RISE & SHINE Application") seeking to register the mark RISE &

SHINE in connection with the following products in International Class 3 ("IC 3"): aromatic oils; essential oils; and scented oils.

22. Defendant Edens received an Office Action dated June 21, 2016 from the United States Patent and Trademark Office (US PTO). Attached hereto is a copy of the Office Action marked as Exhibit 4.

23. Pursuant to the Office Action, the USPTO refused registration of the Edens mark, RISE & SHINE, because it so resembles Gabet's registered mark, RISE 'N SHINE, of the Registrations that it is likely that a potential consumer would be confused, mistaken, or deceived as to the source of the goods of EDENS GARDEN and the goods of Gabet.

24. By at least June 21, 2016, Defendants knew of Plaintiffs' RISE 'N SHINE Registration.

25. By at least June 21, 2016, Defendants knew the USPTO found that their use of RISE & SHINE in connection with the applied for products would create a likelihood of confusion with Plaintiffs' use of RISE 'N SHINE in connection with the products of the Registrations.

26. Defendant did not respond to the Office Action and the RISE & SHINE Application was abandoned on January 18, 2017. A copy of the Notice of Abandonment is attached hereto as Exhibit 6.

27. Plaintiffs repeatedly requested that Defendants cease and desist their infringement as shown, for example, in Exhibit 7. However, they failed to do so.

28. Defendants are not, and have never been, authorized by Plaintiffs to use the RISE 'N SHINE Mark or any mark confusingly similar to the RISE 'N SHINE Mark, including the RISE & SHINE mark.

29. The use by Defendants of the RISE & SHINE mark is likely to cause confusion and to deceive the public into believing that Defendants are affiliated or connected with, or are authorized or endorsed by Plaintiffs.

30. Defendants have actual knowledge of and are willfully infringing Plaintiffs' rights in the RISE 'N SHINE Mark, as evidenced by their use of RISE & SHINE mark after the USPTO found that their use is likely to cause confusion with Plaintiffs' RISE 'N SHINE Mark and without obtaining a license from Gabet.

31. As a result of the aforesaid acts of Defendants, Plaintiffs have suffered and continue to suffer substantial damages and irreparable injury.

32. Plaintiffs have no adequate remedy at law and, unless Defendants are restrained and enjoined by this Court, because said acts will continue to cause damage and irreparable injury to Plaintiffs and to their goodwill and business reputation.

33. Plaintiffs cannot ascertain the precise amount of their damages at this time.

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT

34. The preceding allegations are incorporated herein by reference.

35. Notwithstanding Plaintiffs' right, title, and interest in connection with the RISE 'N SHINE Mark and the associated goodwill, Defendants have continued to sell and offer for sale confusingly-similar goods with actual and/or constructive knowledge and/or reckless disregard of Plaintiffs' rights.

36. On information and belief, Defendants have purposefully and willfully used the RISE & SHINE mark to confuse the public into believing their products were or are endorsed by or connected to Plaintiffs, and/or to misappropriate Plaintiffs' registered RISE 'N SHINE Mark through their use of the Internet and through their selling of goods in interstate commerce.

37. Defendants' use of the infringing RISE & SHINE mark in selling and advertising their essential oil products is likely to cause confusion, mistake, and deception among consumers as to the source, affiliation, connection, association, origin, or approval of the goods and falsely suggest a sponsorship, connection, license, affiliation or association between Plaintiffs and Defendants, in violation of Lanham Act § 32, 15 U.S.C. § 1114.

38. Defendants' continued use of their infringing mark has injured Plaintiffs, and if permitted to continue, will further injure Plaintiffs by damaging their reputation and causing additional monetary damages.

39. Defendants' continued and knowing use of their infringing marks, or their reckless disregard, constitutes willful and/or intentional infringement and unfair competition, and this case is therefore exceptional under the Lanham Act.

40. Plaintiffs have no adequate remedy at law and, if Defendants are not enjoined, Plaintiffs will suffer substantial irreparable harm and injury to their goodwill and reputation.

41. Plaintiffs cannot ascertain the precise amount of their damages at this time, but they are entitled to recovery of monetary damages, including, but not limited to, actual damages, treble damages, reasonable attorneys' fees, and costs; Plaintiffs are also entitled to recover Defendants' ill-gotten profit.

## COUNT II
## FEDERAL TRADEMARK DILUTION

42. The preceding allegations are incorporated herein by reference.

43. Plaintiffs' RISE 'N SHINE Mark is "famous" within the meaning of 15 U.S.C. § 1125(c)(1) and was famous prior to Defendants' wrongful conduct alleged herein.

44. Defendants' use in commerce of the infringing goods dilutes the distinctive quality of Plaintiffs' RISE 'N SHINE Mark and was done with willful intent or to otherwise trade on Plaintiffs' reputation and thereby caused the dilution of Plaintiffs' mark.

45. Defendants acted in knowing and willful violation, or in reckless disregard, of Plaintiffs' rights under 15 U.S.C. § 1125(c).

46. Plaintiffs have no adequate remedy at law and, if Defendants are not enjoined, then Plaintiffs will suffer irreparable harm and injury to their goodwill and reputation.

47. Plaintiffs cannot ascertain the precise amount of their damages at this time, but they are entitled to recovery of monetary damages, including, but not limited to, actual damages, treble damages, reasonable attorneys' fees, and costs; Plaintiffs are also entitled to recover Defendants' ill-gotten profits.

## COUNT III
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

48. The preceding allegations are incorporated herein by reference.

49. Defendants' actions in adopting, marketing, reproducing, publicly displaying, selling, offering to sell, and/or distributing infringing versions of the RISE & SHINE Mark in interstate commerce without Plaintiff's consent constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and has caused, and continues to cause, a substantial effect on interstate commerce in that a likelihood of confusion, mistake, and deception exists in the minds of the consuming public as to the source, sponsorship, affiliation, and/or connection of Defendants' infringing goods.

50. By reason of the foregoing, Plaintiffs have been injured in an amount to be proven. In addition, as a result of Defendants' unlawful acts, Plaintiffs have suffered and will

continue to suffer irreparable harm, and Plaintiffs have no adequate remedy at law with respect to this injury.  Unless the acts of Defendants are enjoined by the Court, Plaintiffs will continue to suffer such harm.

51. Defendants' actions have been knowing, intentional, wanton, and willful, or done with reckless disregard of Plaintiffs' rights, entitling Plaintiffs to damages, treble damages, ill-gotten profits, reasonable attorneys' fees, statutory damages, and the costs of this action.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

52. The preceding allegations are incorporated herein by reference.

53. Plaintiffs is informed and believes, and thereon alleges, that Defendants have been passing off their goods and services as those of Plaintiffs, and have been using Plaintiffs' intellectual property to promote their own goods and services.

54. Plaintiffs allege that they have thereby sustained damage to their reputation, goodwill, and sales, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHERERFORE, Plaintiffs RENEE GABET and ANNIE OAKLEY ENTERPRISES, INC., pray for the entry of a judgment from this Court:

(1) that Defendants and their officers, agents, servants, employees, licensees, assignees, transferees, successors, attorneys, and those persons in active concert or participation with them who receive actual notice of the Court's order, be preliminarily and permanently enjoined from:

(a) using the RISE 'N SHINE Mark or any variation of the term "RISE 'N SHINE," specifically including, but not limited to, any term that includes "RISE 'N SHINE" or a misspelling of "RISE 'N SHINE," in connection with the promotion,

marketing, advertising, and/or sales of skin care products, including body lotions; body powders; bath gels; soaps for skin, face, body, and bath; essential oils, perfumes and fragrances;

(b) using the Mark or any variation of the word "RISE 'N SHINE," specifically including, but not limited to, any term that includes "RISE 'N SHINE" or a misspelling of "RISE 'N SHINE," for services, on the Internet, as domain names or meta tags, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship, or affiliation of Defendants;

(c) diluting, blurring, passing off, or falsely designating the origin of the RISE 'N SHINE Mark and from further injuring Plaintiffs' goodwill and reputation;

(d) engaging in unfair methods of competition with Plaintiffs;

(e) doing any other act or thing likely to induce the belief that Defendants' businesses, services, or products are in any way connected with, sponsored, affiliated, licensed, or endorsed by Plaintiffs;

(2) preliminary and permanently ordering and directing Defendants to take any and all action necessary to remove any and all of Defendants' references to the RISE 'N SHINE Mark or any variation of the term "RISE 'N SHINE," specifically including, but not limited to, any term that includes "RISE 'N SHINE" or a misspelling of "RISE 'N SHINE," in connection with their promotion, marketing, advertising, and/or sales of skin care products, including sun care lotions, sun tan lotion, sun-block lotions, sun-tan creams and sun-tanning preparations;

(3) that Defendants, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Plaintiffs, within thirty days after service of the permanent injunction,

a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the permanent injunction;

(4) awarding Plaintiffs, in accordance with 15 U.S.C. § 1117, three times their actual damages sustained as a result of Defendants' willful wrongful actions, including the infringement of federally-registered trademarks, infringement of common law rights, false designation of origin, trademark dilution, and employing unfair methods of competing with Plaintiffs;

(5) awarding Plaintiffs interest, costs, and reasonable attorneys' fees incurred in connection with this action;

(6) awarding Plaintiffs such other and further relief as this Court may deem to be just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, as to all issues in this lawsuit.

Respectfully submitted,

//ss//_____
Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
740 W. Green Meadows Drive, Suite 300
Greenfield, IN  46140
(317) 467-9100
poverhauser@overhauser.com

Exhibits

| | |
|---|---|
| Exhibit 1 | Screenshot from Annie Oakley Natural Perfumery showing mark RISE 'N SHINE |
| Exhibit 2 | Trademark Registration 2,549,750 for RISE 'N SHINE. |
| Exhibit 3 | Trademark Registration 3,990,283 for RISE 'N SHINE. |
| Exhibit 4 | Office Action re: Edens Garden dated 6/21/2016. |
| Exhibit 5 | Screenshot from Edens Garden website displaying infringing mark in use. |
| Exhibit 6 | Notice of Abandonment "RISE & SHINE" dated January 18, 2017. |
| Exhibit 7 | Cease and Desist Communications to Defendants |